UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| **Federal National Mortgage Association** | |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>35 Winter Street, Brewer, ME 04412 |
| **Ami L. Willard f/k/a Ami L. Dyer** | |
| **Defendant** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Ami L. Willard f/k/a Ami L. Dyer, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Ami L. Willard f/k/a Ami L. Dyer, is the obligor and the total amount owed under the terms of the Note is Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is organized under the laws of the United States, with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, is a resident of Myrtle Beach, County of Horry and State of South Carolina.

## FACTS

6. On June 6, 2003, by virtue of a Warranty Deed from Ami L. Dyer, which is recorded in the Penobscot County Registry of Deeds in **Book 8782, Page 58**, the property situated at 35 Winter Street, County of Penobscot, and State of Maine, was conveyed to the Defendant, Ami L. Willard f/k/a Ami L. Dyer, being more particularly described by the

attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On May 15, 2006, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, executed and delivered to Coastal Capital Corp. d/b/a Clearlight Mortgage a certain Note in the amount of $118,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. On January 12, 2017, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

9. The Demand Letter informed the Defendant, Ami L. Willard f/k/a Ami L. Dyer, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

10. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, failed to cure the default prior to the expiration of the Demand Letter.

11. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

12. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note. The total debt owed under the Note as of July 13, 2018, is Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, which includes

    Unpaid Principal Balance in the amount of One Hundred Twelve Thousand Five Hundred Ninety Eight and 67/100 ($112,598.67) Dollars; Accrued Interest in the amount of Sixty Six Thousand Four Hundred Sixty Two and 10/100 ($66,462.10) Dollars; Escrow Advance in the amount of Twenty Six Thousand Four hundred Six and 35/100 ($26,406.35); Lender Paid Expenses in the amount of Thirty Nine Thousand Seven Hundred Eighty Eight and 85/100 ($39,788.85) Dollars; Late Fees in the amount of Five Hundred Seven and 24/100 ($507.24) Dollars; Deferred Late Fees in the amount of Six Hundred Fifty and 47/100 ($650.47) Dollars; Legal Fees in the amount of Nine Hundred Eighty Nine and 00/100 ($989.00) Dollars.  *See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

13. Upon information and belief, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, is presently in possession of the subject property originally secured by the Note.

14. The Defendant is not in the Military.  *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

15. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. On May 15, 2006, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, executed and delivered to Coastal Capital Corp. d/b/a Clearlight Mortgage a certain Note in the amount of $118,000.00.  *See* Exhibit B.

17. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, is in default for failure to properly tender the January 1, 2011 payment and all subsequent payments.  *See* Exhibit D.

18. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ami L. Willard f/k/a Ami L. Dyer.

19. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, having failed to comply with the terms of the Note, is in breach of the Note.

20. The Defendant Ami L. Willard f/k/a Ami L. Dyer's breach is knowing, willful, and continuing.

21. The Defendant Ami L. Willard f/k/a Ami L. Dyer's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

22. The total debt owed under the Note as of July 13, 2018, is Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Twelve Thousand Five Hundred Ninety Eight and 67/100 ($112,598.67) Dollars; Accrued Interest in the amount of Sixty Six Thousand Four Hundred Sixty Two and 10/100 ($66,462.10) Dollars; Escrow Advance in the amount of Twenty Six Thousand Four hundred Six and 35/100 ($26,406.35); Lender Paid Expenses in the amount of Thirty Nine Thousand Seven Hundred Eighty Eight and 85/100 ($39,788.85) Dollars; Late Fees in the amount of Five Hundred Seven and 24/100 ($507.24) Dollars; Deferred Late Fees in the amount of Six Hundred Fifty and 47/100 ($650.47) Dollars; Legal Fees in the amount of Nine Hundred Eighty Nine and 00/100 ($989.00) Dollars.  *See* Exhibit D.

23. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

24. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. By executing, under seal, and delivering the Note, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, entered into a written contract with Coastal Capital Corp. d/b/a Clearlight Mortgage who agreed to loan the amount of $118,000.00 to the Defendant.  *See* Exhibit B.

26. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Coastal Capital Corp. d/b/a Clearlight Mortgage, and has performed its obligations under the Note.

27. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, breached the terms of the Note by failing to properly tender the January 1, 2011 payment and all subsequent payments.  *See* Exhibit D.

28. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Ami L. Willard f/k/a Ami L. Dyer.

29. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, having failed to comply with the terms of the Note, is in breach of contract.

30. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, is indebted to Federal National Mortgage Association in the sum of Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

31. Defendant Ami L. Willard f/k/a Ami L. Dyer's breach is knowing, willful, and continuing.

32. Defendant Ami L. Willard f/k/a Ami L. Dyer's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

33. The total debt owed under the Note as of July 13, 2018, is Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Twelve Thousand Five Hundred Ninety Eight and 67/100 ($112,598.67) Dollars; Accrued Interest in the amount of Sixty Six Thousand Four Hundred Sixty Two and 10/100 ($66,462.10) Dollars; Escrow Advance in the amount of Twenty Six Thousand Four hundred Six and 35/100 ($26,406.35); Lender Paid Expenses in the amount of Thirty Nine Thousand Seven Hundred Eighty Eight and 85/100 ($39,788.85) Dollars; Late Fees in the amount of Five Hundred Seven and 24/100 ($507.24) Dollars; Deferred Late Fees in the amount of Six Hundred Fifty and 47/100 ($650.47) Dollars; Legal Fees in the amount of Nine Hundred Eighty Nine and 00/100 ($989.00) Dollars.  *See* Exhibit D.

34. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

35. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. Coastal Capital Corp. d/b/a Clearlight Mortgage, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Ami L. Willard f/k/a Ami L. Dyer, $118,000.00.  *See* Exhibit B.

37. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, is in default for failure to properly tender the January 1, 2011 payment and all subsequent payments.  *See* Exhibit D.

38. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, should be required to compensate the Plaintiff, Federal National Mortgage Association.

39. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit.*

40. The total debt owed under the Note as of July 13, 2018, is Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Twelve Thousand Five Hundred Ninety Eight and 67/100 ($112,598.67) Dollars; Accrued Interest in the amount of Sixty Six Thousand Four Hundred Sixty Two and 10/100 ($66,462.10) Dollars; Escrow Advance in the amount of Twenty Six Thousand Four hundred Six and 35/100 ($26,406.35); Lender Paid Expenses in the amount of Thirty Nine Thousand Seven Hundred Eighty Eight and 85/100 ($39,788.85) Dollars; Late Fees in the amount of Five Hundred Seven and 24/100 ($507.24) Dollars; Deferred Late Fees in the amount of Six Hundred Fifty and 47/100 ($650.47) Dollars; Legal Fees in the amount of Nine Hundred Eighty Nine and 00/100 ($989.00) Dollars.  See Exhibit D.

## COUNT IV –UNJUST ENRICHMENT

41. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Coastal Capital Corp. d/b/a Clearlight Mortgage, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Ami L. Willard f/k/a Ami L. Dyer, $118,000.00.  *See* Exhibit B.

43. The Defendant, Ami L. Willard f/k/a Ami L. Dyer, has failed to repay the loan obligation.

44. As a result, the Defendant, Ami L. Willard f/k/a Ami L. Dyer, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Coastal Capital Corp. d/b/a Clearlight Mortgage by having received the aforesaid benefits and money and not repaying said benefits and money.

45. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

46. The total debt owed under the Note as of July 13, 2018, is Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Twelve Thousand Five Hundred Ninety Eight and 67/100 ($112,598.67) Dollars; Accrued Interest in the amount of Sixty Six Thousand Four Hundred Sixty Two and 10/100 ($66,462.10) Dollars; Escrow Advance in the amount of Twenty Six Thousand Four hundred Six and 35/100 ($26,406.35); Lender Paid Expenses in the amount of Thirty Nine Thousand Seven Hundred Eighty Eight and 85/100 ($39,788.85) Dollars; Late Fees in the amount of Five Hundred Seven and 24/100 ($507.24) Dollars; Deferred Late Fees in the amount of Six Hundred Fifty and 47/100 ($650.47) Dollars; Legal Fees in the amount of Nine Hundred Eighty Nine and 00/100 ($989.00) Dollars.  See Exhibit D.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Find that the Defendant, Ami L. Willard f/k/a Ami L. Dyer, is in breach of the Note by failing to make payment due as of January 1, 2011, and all subsequent payments;

b) Find that the Defendant, Ami L. Willard f/k/a Ami L. Dyer, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendant, Ami L. Willard f/k/a Ami L. Dyer, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due January 1, 2011 and all subsequent payments;

d) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendant, Ami L. Willard f/k/a Ami L. Dyer has been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

g) Find that the Defendant, Ami L. Willard f/k/a Ami L. Dyer, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

h) Find that the Defendant, Ami L. Willard f/k/a Ami L. Dyer, is liable to the Plaintiff for quantum meruit;

i) Find that the Defendant, Ami L. Willard f/k/a Ami L. Dyer, has appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendant, Ami L. Willard f/k/a Ami L. Dyer, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Ami L. Willard f/k/a Ami L. Dyer;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m) Additionally, issue a money judgment against the Defendant, Ami L. Willard f/k/a Ami L. Dyer, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Two Hundred Forty Seven Thousand Four Hundred Two and 68/100 ($247,402.68) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: October 3, 2018

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670